```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

DEANTE DRAKE,                    :
                                 :
         Petitioner              :    No. 1:16-CV-00542
                                 :
    vs.                          :    (Judge Kane)
                                 :
WARDEN OF ALLENWOOD,             :
                                 :
         Respondent              :
```

## MEMORANDUM

## Background

Deante Drake, a federal inmate presently confined at the Allenwood Federal Correctional Complex, White Deer, Pennsylvania ("FCC-Allenwood"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the warden of FCC-Allenwood as the Respondent. (Doc. No. 1.) Drake paid the $5.00 filing fee. Drake is attacking a judgment of conviction and sentence imposed by the United States District Court for the Northern District of West Virginia. Drake in the prayer for relief section of his habeas petition states as follows:

> Petitioner Drake seeks relief in the form of a summary judgment within 30 days, for a declaratory judgment for the Burrage Claim. If this court cannot show cause and authority to establish that Judge Rambo and Judge Nealon's determination of the Burrage Claim, that's also supported by the Fourth Circuit, and Eighth Circuity, is incorrect.
> He asks this court to vacate it's December 21, 2015, judgment, and transfer his § 2241 to the Northern District of West Virginia in the interest of justice.

(Id. at 9.)  The present petition raises the same claims and request for relief as were raised in a previous petition filed by Drake which was dismissed by this court on October 5, 2015. Drake v. Warden of F.C.I. Schuylkill, 1:15-CV-866, slip op. at 1-8 (M.D. Pa. Oct. 5, 2015)(Doc. No. 7).  Drake in that prior case filed two motions for reconsideration which were denied by this court on December 21, 2015, and April 21, 2016, respectively.  See Drake v. Warden of F.C.I. Schuylkill, 1:15-CV-866, slip op. at 2-6 (M.D. Pa. Dec. 21, 2015)(Doc. No. 11); Drake v. Warden of F.C.I. Schuylkill, 1:15-CV-866, slip op. at 2-9 (M.D. Pa. April 21, 2016)(Doc. 15).  The court incorporates herein by reference the memoranda (Doc. Nos. 7, 11 and 15) issued in the prior habeas case.

In summary Drake was indicted by a federal grand jury in the Northern District of West Virginia of drug offenses, he entered a plea of guilty to various charges, and he was sentenced as a career offender to a term of imprisonment of 292 months, in May, 2008.  Drake filed a direct appeal with the Court of Appeals for the Fourth Circuit which was dismissed on March 16, 2009, and then two petitions under 28 U.S.C. § 2255 with the District Court which were also dismissed on November 19, 2013, and February 6, 2015, respectively.  The prior habeas petition as noted was dismissed by this court on October 5, 2015.  The reason for the dismissal was because § 2255 authorizes a district court to consider a habeas corpus petition of a federal prisoner only if

the § 2255 motion is inadequate or ineffective.  Drake had already filed a § 2255 motion regarding his conviction and that remedy had proven to be an effective and adequate means for him to challenge the legality of his detention.

On November 3, 2015, as noted Drake filed a motion for reconsideration and by memorandum and order of December 21, 2015, the court denied the motion for reconsideration.

On January 14, 2016, Drake filed the second motion for reconsideration which was entitled "Motion for Summary Judgment Under Rule 56, for a Declaratory Judgment (28 U.S.C. §§ 2201, 2202), and Injunctive Relief from the Denied Reconsideration of the Burrage Claim, and the Conflict Between Middle District Judges Over Burrage v. United States, [134 S.Ct. 881, 187 L.Ed. 2d 715 (2014)]."[1]  With respect to Burrage,[2] Drake incorrectly claimed

---

1. Although Drake seemed to contend that Judge Nealon and Judge Rambo issued decisions which conflict with the court's ruling in this case, neither Judge Nealon nor Judge Rambo indicated that section 2255 was an inadequate or ineffective means to raise a Burrage claim under the circumstance of this case.

2. Burrage was charged with distributing heroin where death resulted from the use of the heroin. 134 S.Ct. at 885. Burrage pled not guilty and went to trial. The death enhancement resulted in a mandatory minimum of 20 years' imprisonment. The Supreme Court held that where the use of the drug distributed by the defendant is not an independently sufficient cause of death, the "death results" enhancement is an element of the offense which must be submitted to the jury and found beyond a reasonable doubt. Id. at 887.  Furthermore, the penalty enhancement can only apply where the drug ingestion is a but-for cause of the death. Id. at 892. However, in contrast Drake pled guilty to Count 1 of an Indictment which charged a specific amount of drugs which qualified Drake for a mandatory minimum of 10 years and the case did not involve the death of another individual as the result of
(continued...)

that "he was never charged with the identity of the controlled substance in § 841(b), as an element of §§ 846 and 841, by a grand jury; nor did he knowingly waive his right to a unanimous petit jury findings." (Doc. No. 1, at 2.) Drake also erroneously claimed that he was sentenced to more than the one-year maximum provided by statute. In the second motion for reconsideration Drake took issue with this court's denial of his motion for reconsideration. He also requested that the court vacate the December 21, 2015, order and transfer his § 2241 motion to the Northern District of West Virginia. Id. at 7. As noted above, in the present habeas petition Drake requests the same relief. In light of the prior habeas petition which was dismissed by this court, the court will dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof,[3] the above-caption habeas case which raises the same issues as were raised in the prior habeas petition.

       An appropriate order will be entered.

---

2. (...continued)
the use of the drug.

3. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."